IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BERKLEY INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-256-DWD |
| | ) |
| JASON CARRAWAY, | ) |
| WOWL TRUST TRUSTEE | ) |
| DEAN DEVERT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Defendant, Jason Carraway ("Caraway"), was a practicing attorney at Caraway & Broombaugh. In February 2023, Defendant, the Wowl Trust – Trustee Dean Devert ("Wowl Trust") filed a lawsuit against Caraway alleging that on March 7, 2013, Caraway executed a Sale Agreement and Promissory Note with the Wowl Trust, and that Carraway has defaulted by failing to make the required payments. According to the lawsuit, the Wowl Trust is owed the sum of $753,61.59, which is principal and interest under the terms of the subject Sale Agreement and Promissory Note.

On February 22, 2024, Plaintiff Berkley Insurance Company ("BIC"), an insurance company that issued a Lawyers Professional Liability Policy ("Policy") to Carraway and Broombaugh, filed the present action. BIC seeks a declaratory judgment clarifying the rights and liabilities of the parties with respect to the Policy. Specifically, BIC asks the Court to find and declare that BIC has and had no duty under the Policy to defend and/or indemnify Carraway from the underlying lawsuit. Carraway and the Wowl Trust did not

1

timely respond to BIC's Amended Complaint and the Clerk of Court entered a default against Carraway and the Wowl Trust. Pursuant to Fed. R. Civl P. 55(c), the Wowl Trust now moves to set aside the entry of default. The parties are diverse and the Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. DISCUSSION

In order to vacate an entry of default, a movant must show good cause, quick action to correct the default and a meritorious defense to the complaint. Rule 55(c); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630 (7th Cir. 2009). *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). Good cause "is not a synonym for excusable neglect." *Sims v. EGA Prods.*, 475 F.3d 865, 868 (7th Cir. 2007). "Rule 55(c) requires 'good cause' for the judicial action, not 'good cause' for the defendant's error." *Id.* Thus, in resolving a motion brought under Rule 55(c), a court examines whether there is good cause for judicial action, not whether there is good excuse for a defendant's inattention to the case. *Id.*

In the present case, the Court finds that it has good cause to set aside the entry of default against Wowl Trust. The Wowl Trust indicates that its failure to respond to the lawsuit was not intentional and was the result of a miscommunication between client and counsel. (Docs. 25 and 26). Because the record does not reflect a willful disregard of the lawsuit, *Cracco*, 559 F.3d at 631, the Court finds that good cause exists for setting aside the default. Additionally, The Wowl Trust acted quickly to correct its mistake, filing its motion to set aside within 24 hours of entry of default, and its proposed answer, which asserts seven affirmative defenses, indicates that it has a meritorious defense to the

Complaint. Accordingly, the Court finds it appropriate to grant the Motion to Set Aside Default. (Doc. 25) and to allow Wowl Trust to respond to the Amended Complaint.

The Court's inquiry, however, does not end there. In the instant case, a question remains as to Caraway – the insured. As previously mentioned, the Clerk of Court entered Caraway's default on October 24, 2024. BIC has not moved for a default judgment against Caraway. Nonetheless, the Court notes that typically, in a declaratory judgment action involving multiple defendants, a default judgment should not be entered against one until the matter has been resolved as to all. *See Home Ins. Co. of Il. v. ADCO Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment should not be entered against one until the matter has been resolved to all."); Marshall & Ilsley Trust Co. v. Pate, 819 F.2d 806, 812 (7th Cir. 1987) (in a multi-defendant action, default judgment should not be entered against one defendant where doing so might result in logically inconsistent or contradictory judgments). *See also* e.g., *Am. Standard Ins. Co. of Wisconsin v. Rogers*, 123 F. Supp. 2d 461, 466 (S.D. Ind. 2000) ("In a declaratory judgment case of this kind, we would normally take the plaintiff-insurer's motion to enter a default judgment against the defendant insured under advisement and allow the co-defendant-injured party to defend the action against the insurer on the merits."); *State Farm Mut. Auto. Ins. Co. v. Jackson,* 736 F.Supp. 958, 961 (S.D. Ind. 1990) (holding that it is improper to enter default judgment declaring absence of insurance coverage against a defaulted defendant when action against other defendant is pending and risk of inconsistent judgments exists).

In the instant case, if default judgment is entered against Caraway, there is the potential for logically inconsistent judgments. For example, if Wowl Trust, the injured third party, prevails on the merits, there will be a ruling that BIC has a duty to indemnify Caraway, the insured. Conversely, with regard to Caraway, a default judgment would have the effect of declaring that BIC holds no legal duty to Caraway pursuant to the insurance policy. Such results would clearly be illogical.

Accordingly, the parties are **ADVISED** that, if BIC moves for default judgment against Caraway, the Court will defer ruling on the motion until the merits of the case have been adjudicated. The entry of default, however, would stand.

## II.   CONCLUSION

Considering the foregoing, the Court finds good cause for setting aside the entry of default. Accordingly, Wowl Trust's Motion to Set Aside Entry of Default (Doc. 25) is **GRANTED**. The default entered on October 24, 2024 is **SET ASIDE**, and Wowl Trust's Motion for Leave to File Answer and Affirmative Defenses (Doc. 26) is **GRANTED**. Wowl Trust shall answer the Amended Complaint (Doc. 11) by November 12, 2024.

**SO ORDERED.**

Dated**: November 5, 2024**

                                             DAVID W. DUGAN
                                             United States District Judge