IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BERKLEY INSURANCE CO.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 24-cv-256-DWD |
| ) | |
| **JASON CARRAWAY, and** ) | |
| **WOWL TRUST TRUSTEE** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendant Jason Caraway's Motion to Set Aside Default. (Doc. 41). For the reasons set forth below, the Motion is **DENIED**.

### BACKGROUND

Defendant, Jason Caraway ("Caraway"), was a practicing attorney at Caraway & Broombaugh. In February 2023, Defendant, the Wowl Trust – Trustee Dean Devert ("Wowl Trust") filed a lawsuit against Caraway alleging that on March 7, 2013, Caraway executed a Sale Agreement and Promissory Note with the Wowl Trust, and that Carraway has defaulted by failing to make the required payments. According to the lawsuit, the Wowl Trust is owed the sum of $753,61.59, which is principal and interest under the terms of the subject Sale Agreement and Promissory Note.

On February 22, 2024, Plaintiff Berkley Insurance Company ("BIC"), an insurance company that issued a Lawyers Professional Liability Policy ("Policy") to Carraway and Broombaugh, filed the present action. BIC seeks a declaratory judgment clarifying the

rights and liabilities of the parties with respect to the Policy. Specifically, BIC asks the Court to find and declare that BIC has and had no duty under the Policy to defend and/or indemnify Carraway from the underlying lawsuit. Carraway and the Wowl Trust did not timely respond to BIC's Amended Complaint and, on October 24, 2024, the Clerk of Court entered a default against Carraway and the Wowl Trust.

Within 24 hours, the Wowl Trust filed a motion to set aside entry of default. (Doc. 25). The Court found that the Wowl Trust acted quickly to correct the default, demonstrated good cause, and articulated a meritorious defense. (Doc. 32). Accordingly, the Court granted the Wowl Trust's motion to set aside entry of default. (*Id*.). The Court further indicated that, given the potential for logically inconsistent judgments, the Court would defer ruling on any request for default judgment against Caraway until the merits of this case had been adjudicated.

Ninety-eight days after the clerk's entry of default, Caraway filed a barebones motion to set aside. The motion, in its entirety, states as follows:

1. Defendant now timely moves pursuant to Fed. R. Civ. P. 55(c) to set aside the Default entered.
2. The entry of default may be set aside upon a showing of good cause.
3. Defendant has a meritorious defense. By the very nature of a Declaratory Judgment Action, the issues before the Court are sufficiently open to interpretation that the Plaintiff itself has moved for the Court to advise the parties as to their respective rights and responsibilities.
4. Plaintiff will not be prejudiced by setting aside the default.

**APPLICABLE LAW**

Under Federal Rule of Civil Procedure 55(c), the "court may set aside an entry of default for good cause." Because Caraway moved to set aside the

2

entry of default before the Court entered a final judgment, the Court evaluates his motion under Rule 55(c)'s more "lenient standards." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). To succeed in vacating an entry of default under those standards, "the defendant must show (1) good cause for [his] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 949 (7th Cir. 2020). The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007).

## ANALYSIS

A defendant may show good cause through "mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, … or any other reason that justifies relief." *Arwa Chiropractic*, 961 F.3d at 948. Here, Caraway does not even allege that there is good cause for the default, let alone offer any explanation for his default. Instead, Caraway merely states that an entry of default may be set aside for "good cause." This does not meet the good cause requirement, even under the more lenient Rule 55 standard. *See Id.* at 949 (finding no good cause for default where defendant offered no explanation for its default).

Even if Caraway had shown good cause, he did not take "quick action." More than three months passed from the Clerk's entry of default to Caraway's motion to set aside. This is past the outer bounds that courts have found to be "quick action." *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994) (holding that five weeks, under the circumstances of the case, is not "quick action"); *see also, e.g., Tygris Asset Fin., Inc. v. Szollas*, No. 09 C

3

4488, 2010 WL 2610652, at *3 (N.D. Ill. June 21, 2010) (citing cases with courts finding no "quick action" when motions to vacate were filed anywhere from three months to three weeks after entry).

    Finally, Caraway has not established a meritorious defense. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps,* 39 F.3d 158, 165 (7th Cir.1994). Merely asserting that a declaratory judgment action involves issues "open to interpretation" does not satisfy this requirement. A meritorious defense must present a specific basis – factual or legal – that could defeat the plaintiff's claim if proven. See e.g., *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.,* 28 F.3d 42, 46 (7th Cir. 1994) (a meritorious defense requires more than a general denial and bare legal conclusions); *Merrill Lynch Mortg. Corp. v. Narayan,* 908 F.2d 246 (7th Cir. 1990) (alleged defense is insufficient if it lacks a grounding in facts which would support a meritorious defense of the action); *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.,* 687 F.2d 182 (7th Cir. 1982) ("The showing of a meritorious defense that is necessary to set aside a default requires more than the bare legal conclusions…"). Here Caraway offers no such basis, instead relying on the inherent nature of the action itself. This reasoning, if accepted, would imply that every declaratory judgment action automatically carries a meritorious defense, an untenable proposition. Further, the plaintiff's request for judicial guidance on the parties' rights indicates a need for clarity, not the presence of a defense.

The Court recognizes that defaults are disfavored and that denial of a motion to set aside entry of default is unusual under the more lenient standard applicable here. *See Sun v. Bd. of Trustees for Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir.2007); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625 (7th Cir. 2009). Nonetheless, because Caraway has not shown good cause, quick action, or a meritorious defense, denial of his motion to set aside is appropriate.

## CONCLUSION

For the reasons set forth herein, Defendant Jason Caraway's Motion to Set Aside Default (Doc. 41) is **DENIED**.

**SO ORDERED.**

Dated: April 2, 2025

_____
DAVID W. DUGAN
United States District Judge