# EXHIBIT B

5-24-0974

E-FILED
Transaction ID: 5-24-0974
File Date: 3/11/2025 5:28 PM
Cortney Kuntze, Clerk of the Court
APPELLATE COURT 5TH DISTRICT

5-24-0974

# IN THE APPELLATE COURT OF ILLINOIS
## FIFTH DISTRICT

JASON R. CARAWAY,

           Defendant-Appellant,

vs.

           Case No. 2023-LA-142

           **APPEAL FROM ST. CLAIR COUNTY**

WOWL TRUST, DEAN
DEVERT, TRUSTEE,

           **HON. JUDGE FOSTER**

           Plaintiff-Appellee.

           **ORAL ARGUMENT REQUESTED BY DEFENDANT-APPELLANT**

---

## PLAINTIFF-APPELLEE'S BRIEF

---

Respectfully submitted,

**PATRICK RYAN DUNN SULLIVAN LAW, LLC**

*/s/ Patrick R.D. Sullivan*
PATRICK R. D. SULLIVAN - #6310271
107 West Main Street
Belleville, IL 62220
Telephone: (618) 744-7133
E-mail: prdsullivan@gmail.com
ATTORNEY FOR PLAINTIFF-APPELLEE

# POINTS AND AUTHORITES

## I. STANDARD OF REVIEW

735 ILCS 5/2–1301(e) (West 1992)……………………………………..3

*Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 26….3

*Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941 (1999)……… 3

Ill. S. Ct. R. 183 (eff. Feb. 16, 2011)…………………………………….3

*Bright v. Dicke*, 166 Ill. 2d 204, 209 (1995)…………………………..3

## II. DEFENDANT'S BRIEF SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULES 12 AND 341.

Ill. S. Ct. R. 12 (eff. Jul. 1, 2017)…………………………………..3, 4, 13

Ill. S. Ct. R. 341 (eff. Feb. 6, 2013)………………………………….. 3, 4, 9, 13

*Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984)…………………………….5

*In re Marriage of Hiluska*, 2011 IL App (1st) 092636, ¶ 58………………4

*Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001)…………………………..5

## III. PLAINTIFF'S STATEMENT OF FACTS

*United States of America vs. Jason Russell Caraway*, 3:23-cr-30148-NJ.. 6, 7

*Drew Carol v. Jason R. Caraway*, 23-AR-479. ……..…………………….8

## IV. ARGUMENT

**Defendant's Failure Cite to the Record Forfeits his Arguments.**

*In re Commitment of Moore*, 2023 IL App (5th) 170453, ¶ 73……………. 9

**Plaintiff's Motion For Default Judgment And Motion To Strike Were Properly Granted Where Defendant Filed An Untimely Answer Without Moving For An Extension Of Time Or Obtaining Leave Of The Court.**

735 ILCS 5/2-1301(e)……………………………………………….. 10

*Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 15…….. 10

*Coleman v. Caliendo*, 361 Ill. App. 3d 850, 851 (2005)…………………..11, 12

735 ILCS 5/2–1401……………………………………………………11, 12

**Punitive Damages Were Properly Pled.**

735 ILCS 5/2-604……………………………………………….. 12

**V. CONCLUSION**

Ill. S. Ct. R. 341 (h)(6) (eff. Oct. 1, 2020)………………………………..13

I.        **STANDARD OF REVIEW**

In this case the trial court granted Plaintiff's Motion for a Default Judgment and Motion to Strike Defendant's Answer. The Code of Civil Procedure provides that the trial court may, in its discretion, set aside any default, either before final judgment is entered or within 30 days thereafter. 735 ILCS 5/2–1301(e) (West 1992). Review of a trial court's denial of a motion to vacate a default judgment is for an abuse of discretion. See *Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 26.  An abuse of discretion occurs when a trial court "acts arbitrarily without the employment of conscientious judgment or if its decision exceeds the bounds of reason and ignores principles of law such that substantial prejudice has resulted." *Marren Builders, Inc. v. Lampert*, 307 Ill. App. 3d 937, 941 (1999).

Defendant argues that the standard should be *de novo* for interpretation of Supreme Court Rule 183, which could allow an extension of time for pleading. First, this argument fails because Defendant did not move for such relief. Second, for a trial court to exercise discretion under R. 183 to extend the time for pleadings "the defendant must move for the extension and must show good cause for the extension." Ill. S. Ct. R. 183 (eff. Feb. 16, 2011); *Bright v. Dicke*, 166 Ill. 2d 204, 209 (1995). Here, as in *Bright*, Defendant did not move for an extension or make any showing of good cause, nor did he file a motion to vacate or a motion to set aside the default judgment. This appeal must therefore fail.

II.        **DEFENDANT'S BRIEF SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH RULES 12 AND 341.**

Defendant bears the burden of providing this court with a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Rule 341(h)(6) requires the appellant's brief to contain a cogent statement of facts necessary for this court to have an understanding of the case. Ill. S. Ct. R. 341 (h)(6) (eff. Feb. 6, 2013). The Rule further requires an Appellant to cite to the pages and volume of the record he is referencing "so that we are able to assess whether the facts which [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hiluska*, 2011 IL App (1st) 092636, ¶ 58.

First, Defendant's Certificate of Compliance is not in compliance with Rule 341(c), as it is not signed and does not contain the required language provided. Second, the cover of the brief violates 341(d) because it does not contain the number of the case in the reviewing court or the name of the case as it appeared in the lower tribunal. Third, Defendant's Points and Authorities section violates Rule 341(h)(1), as it does not contain the headings of the points and subpoints as in the Argument, with the citation under each heading of the authorities relied upon or distinguished. Further, citations used in the brief are outright missing from the Table. Defendant's "Statement of Facts" is a meandering, two-page statement replete with misstatements of fact and reference - without citation - to an unrelated federal lawsuit involving Defendant, Plaintiff, and the Berkley Insurance Company, and which is not supported by any transcripts, page references, or citation to the record-on-appeal in flagrant violation of Illinois Supreme Court Rule 341(h)(6) (eff. Oct. 1, 2020). Finally, there is no Certificate of service in violation of Ill. S. Ct. R. 12 (eff. Jul. 1, 2017).

Indeed, the Statement of Facts contains not one citation to the record because no transcripts of any kind were submitted to this Court for review. Without a report of proceedings, this Court cannot review the testimony adduced at any hearing and cannot review the basis for the circuit

4

court's entry of the order to determine whether an error occurred. *Webster v. Hartman*, 195 Ill. 2d

426, 432 (2001) (a claim of error relating to a hearing or proceeding is not subject to review absent

a report or record of the proceeding).

Any doubt arising from the incompleteness of this record is resolved against Defendant.

*Foutch*, 99 Ill. 2d at 392. "Unless there is a contrary indication in the order or in the record, it is

presumed that the court heard adequate evidence to support the decision that was rendered [citation

omitted]. *Foutch*, 99 Ill. 2d at 392. "Where it is alleged that the evidence presented was actually

insufficient to support the court's finding, the burden of preserving said evidence rests with the

party who appeals from said order." *Id*. "No record of the evidence heard … is before this court

and, therefore, it must be assumed that the evidence that was heard fully supported the court's

finding." *Id*. This appeal should therefore be dismissed outright without further consideration.

### III.    PLAINTIFF'S STATEMENT OF FACTS

Defendant contracted to buy Kolker Law Offices in 2013 when Christopher Kolker was

selected to be an Associate Judge in Saint Clair County, Illinois. The law practice collapsed

because Defendant and his wife, the firm's bookkeeper, stole over one million dollars from clients

and Kolker prior to abandoning the firm in 2023. The scheme involved a course of conduct where

he embezzled, converted, stole, and misapplied money from his clients and his firm by secretly

using business funds for personal use through a series of misrepresentations and acts of

concealment. *See attached Exhibit A, Stipulation of Facts, United States of America vs. Jason

Russell Caraway*, 3:23-cr-30148-NJR.

Kolker assigned the debt to Plaintiff, WOWL Trust, Trustee Dean Devert when Defendant

failed to make timely payment under the contract. Plaintiff filed the original complaint on February

9, 2023. (C5-C25). On March 14, 2023, Defendant filed a motion to dismiss, alleging Plaintiff had

no contractual relationship with Caraway and that the disagreement was subject to mandatory arbitration. (C37-C45). Plaintiff filed a timely response on March 30, 2023, which noted that Plaintiff was an assignee of the debt, the appropriate party to bring suit, and that the arbitration agreement did not apply for two reasons: 1) Plaintiff was not a party to that agreement; and 2) the promissory note requires litigation in the St. Clair County Courts. (C46-C69).

This case was set for hearing on the motion to dismiss on June 9, 2023. (C79). However, Defendant's attorney moved to withdraw for lack of payments on June 6, 2023. (CC80-C85, C86-C87). The Court set the case for status on July 28, 2023. (C86-C87). On July 31, 2023, the court denied the motion to dismiss, gave Defendant until August 28, 2023, to answer the complaint, and reset the case for status on September 8, 2023. (C89-C90). Defendant failed to answer by August 28, 2023. This was the first time Defendant failed to answer a complaint in this case by the required deadline. Neither Defendant nor his attorney appeared at the status on September 8, 2023. Defendant was directed to supply a proper email address and the case was reset for all pending motions on September 22, 2023. (C94).

Plaintiff filed a motion for default judgment on September 15, 2023. (C133-C135) Defendant filed his answer twenty-four (24) days past the deadline on September 21, 2023. (C136-138). On October 23, 2023, the Court entered an order setting the case for status on December 1, 2023, and noting Defendant's mailing address and a strange email address for him of "danielshepard777777@gmail.com."[1] (C144). On December 4, 2023, the court entered an order setting the matter for all pending motions on January 12, 2024. (C151) The lag between the court dates and the file stamped orders is attributable to the delay of the St. Clair County Clerk's office

---

[1] Defendant now uses an email address of Jonahshannon11@gmail.com.

receiving the order from the out-of-county judge hearing the case. The Court never addressed that default motion.

In December of 2023, Defendant was indicted for 11 counts of wire fraud in the Southern District of Illinois Federal Court. *United States of America v. Jason Caraway*; **3:23-cr-30148**. According to the indictment, Caraway had control of the firm's bank accounts and misappropriated funds by improperly spending client funds on personal and business expenses, issuing checks to himself, accepting settlements without client notification or payment, failing to pay medical lienholders from legal proceeds, and misapplying retainers without authorization.

On January 24, 2024, the Court entered another order setting forth a briefing schedule which indicated a hearing would be set later. (C156) Plaintiff filed a motion for summary judgment on January 26, 2024. (C157-C200). On March 26, 2024, the Court noted that the schedule had fallen by the wayside and set the case for status on April 12, 2024. (C205). The motion for summary judgment was never addressed and the case was ultimately reset for another status.

On April 19, 2024, Plaintiff moved to amend the complaint. (C207-C210). The April 23, 2024, order notes the complaint will be amended and Defendant will answer. (C211-212). Plaintiff filed the Amended Complaint on April 30, 2024. (C213-C216) An order dated May 6, 2024, noted the same and unambiguously ordered Defendant to answer the Amended Complaint "no later than May 13, 2024." (C217). In a heated setting via Zoom, Judge Slemer ordered Defendant to maintain his "danielsheppard" email address for service of process. It was unmistakably clear at that setting that the Court was issuing a hard deadline for Defendant's Answer. Nevertheless, Defendant failed to answer by the required deadline, nor did he move for an extension of time.

On May 23, 2024, Defendant was disbarred from the practice of law for misappropriating client funds after a default judgment was entered due to Defendant's failure to appear for his hearings before the ARDC. A separate default judgment was entered against Defendant and his wife, Dawn Caraway, in a lawsuit brought by Carol Drew, which alleged that Defendants also stole the Kolker Law Firm's employee social security and Medicare withholdings. *Drew Carol v. Jason R. Caraway*, 23-AR-479.

Plaintiff then filed a second motion for default judgment on May 30, 2024. (C218-C220). On June 3, 2024, without moving for an extension of time or leave of the court to file an answer outside of time, Defendant filed his answer to the Amended Complaint, as well as a Motion to Dismiss, raising arguments that had already been ruled upon by the Court. (C221-223, C224-C225). On July 16, 2024, Plaintiff filed a Motion to Strike the late answer. (C227-C228). On July 17, 2024, Judge Foster was appointed to replace Judge Slemer on the case due to the latter's retirement. (C229). On July 23, 2024, the court set a hearing for August 26, 2024. (C230-C231).

On August 26, 2024, the court held an on-the-record hearing on Plaintiff's motions for Default Judgment and Motion to Strike. Judge Foster entertained arguments from both sides and ultimately entered an order finding Defendant was ordered to file and serve an answer no later than May 13, 2024, but failed to do so. (C232-C235). The Order noted Defendant submitted an untimely answer without leave of the court. *Id.* The court granted Plaintiff's Motion for Default Judgment and Motion to Strike Defendant's Answer and awarded judgment in favor of Plaintiff for the requested compensatory and punitive damages. *Id.* Defendant did not raise the issue of punitive damages at the trial level. This appeal followed. C235-C258.

On February 12, 2025, Defendant signed a plea agreement admitting that he 1) knowingly devised or participated in a scheme to defraud; and 2) that he did so with intent to defraud; and 3) that the scheme or fraud involved a materially false or fraudulent pretense, representation, or promise; and 4) that for the purpose of carrying out the scheme, Defendant caused wire communications to take place in the manner charged in counts 1, 2, 3, 4, 5, and 9 of the indictment. Defendant stipulated that he embezzled, converted, stole, and misapplied money from his clients and his firm in the accompanying Stipulation of Facts.

## IV.   ARGUMENT

### A.  Defendant's Failure Cite to the Record Forfeits his Arguments.

Defendant's statement of facts contains no citation to the record-on-appeal. Defendant's entire brief contains only one citation. It is a reference to an arbitration clause in the underlying contract to purchase The Kolker Firm. This is irrelevant to the issues presented before this Court. The underlying court proceedings were held on-the-record. No transcripts have been ordered or provided to this Court by Defendant. "The failure to provide proper citations to the record is a violation of Rule 341(h)(7), the consequence of which is forfeiture of the argument." *In re Commitment of Moore*, 2023 IL App (5th) 170453, ¶ 73. This appeal therefore must fail for an egregious failure to comply with Rule 341(h)(7).

### B.  Plaintiff's Motion for Default Judgment and Motion to Strike were properly granted where Defendant Filed an Untimely Answer Without Moving for an Extension of Time or Obtaining Leave of the Court.

Defendant admits he did not file the answer in a timely manner as ordered by the trial court. Nothing in the record shows Defendant filed a Motion for an Extension of Time to File an Answer or a Motion for Leave of the Court to File an Untimely Answer. Moreover, Defendant never filed

a Motion to Vacate the Default Judgment or anything similar. He simply appealed. Defendant's

appeal therefore must fail.

Defendant argues that his late Motion to Dismiss somehow shows he had a meritorious

claim or defense and diligence in presenting such a defense in the underlying litigation. It does

not. Indeed, it shows a lack of diligence.

First, the issues in the late motion to dismiss had already been ruled upon and dismissed

by Judge Slemer. Defendant failed to include a transcript of either proceeding in the record-on-

appeal. There was nothing meritorious about bringing those arguments again except for the

purpose of delay by Defendant. Second, Defendant had earlier ignored a deadline to answer in

September of 2023. Plaintiff submits that Defendant was abusing the trial court system to gain

delays. When given a second chance to file an answer "no later than May 13, 2024," he again

failed to timely answer. There is nothing to support the contention that he should have been given

a third chance without even moving for one. It is important to reiterate that Defendant is a former

attorney who is - or at the very least should be - aware of court rules and the need to follow Court

orders. Third, by failing to file a motion to vacate the default under 735 ILCS 5/2-1301(e),

Defendant has not created a sufficient basis for reversal. For an appellate court to review any

potential error on a motion to vacate, even if one had been filed, Defendant needs to provide a

sufficient basis. Defendant therefore cannot prevail.

Further, Defendant has not provided any evidence as to what happened at the hearing, not

a single transcript or bystander's report. The failure to provide any evidence of what was adduced

at the hearing creates a presumption the trial court did not act arbitrarily. *See Wells Fargo Bank,

N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶ 15 (failure to provide whether the trial court heard

evidence on the motion, what the parties argued, or—most importantly—the basis for the court's decision creates presumption the trial court did not act arbitrarily but within the bounds of reason).

Defendant claims his duplicative Motion to Dismiss, filed three weeks after his answer was due, shows a meritorious defense. However, as pointed out above, a nearly identical motion was already ruled on earlier in the case. Another hearing on the same issue would have only served to delay the case and waste time and court resources. Of note, Defendant never filed a motion to reconsider the denial of his first motion to dismiss, further demonstrating why a second hearing on the same issue would have only served to waste time. As far as the merits of the motion to dismiss, Plaintiff rests on its filings at the trial court.

Defendant urges this Court to reverse the trial court order based on an "equitable approach," citing *Coleman v. Caliendo*, 361 Ill. App. 3d 850, 851 (2005). (Defendant's brief at p. 10). The *Coleman* case is inapposite here. First, *Coleman* dealt with a court vacating a dismissal for want of prosecution and, more importantly, a motion to vacate that dismissal which was filed and granted. At the motion to vacate, the moving party presented evidence, including affidavits and exhibits. *Coleman*, 361 Ill. App. 3d at 852. By contrast, no motion to vacate was filed in this case and no evidence or testimony was provided by Defendant.

The Appellate Court in *Coleman* noted section 735 ILCS 5/2–1401 provides relief from final orders and judgments if a motion is filed within 30 days of the order and "supported by affidavit or other appropriate showing as to matters not of record.'" *Coleman*, 361 Ill. App. 3d at 854 (2005). The Court also held "to obtain relief under section 2–1401, a petitioner must set forth factual allegations supporting the existence of a meritorious defense or claim, due diligence in presenting this defense or claim in the original action, and due diligence in filing the section 2–

1401 petition. "A petition for relief from judgment invokes the trial court's equitable powers, which should prevent enforcement of a judgment when it would be unfair, unjust, or inequitable." *Id.* The *Coleman* Court held that the appropriate standard of review for a grant or denial of a 2-1401 petition "is within the sound discretion of the trial court and will be reversed only when that discretion is abused." *Id.*

In the instant case there was no abuse of discretion. Defendant never filed such a petition. No affidavits or other appropriate showing were presented to the trial court in this case. No factual allegations supporting the existence of a meritorious defense or claim were raised. No due diligence in presenting a defense or claim in the original action was demonstrated, and no due diligence in filing the section 2–1401 petition can be argued where a petition was never filed. It is axiomatic that a trial court cannot abuse its discretion regarding a petition that was never before it.

## C. Punitive Damages Were Properly Pled.

Defendant claims the amended complaint for punitive damages was improper and was granted without a motion or hearing in violation of 735 ILCS 5/2-604. There are multiple problems with Defendant's frivolous argument. Defendant waived this argument by failing to raise it at the trial level. Moreover, Section 604 has been repealed and as such Defendant's argument fails.

If Defendant meant section 604.1, then the plain language of that statute indicates it applies only to actions on account of bodily injury or physical damage to property, based on negligence, or product liability based on strict tort liability. *See* 735 ILCS 5/2-604.1. The instant case does not involve any such allegations and therefore does not apply. Finally, the motion to amend, which included the punitive damages prayer, was properly filed and considered by the trial court. Defendant provides no evidence to the contrary.

## V.   <u>CONCLUSION</u>

This appeal must fail because the egregious failure to comply with Rules 12 and 341 forfeits the arguments. In the alternative, Defendant's request that this Court reverse the Circuit Court's granting of Plaintiff's Motion for Default and Motion to Strike Defendant's Answer should be denied.  Defendant failed to file a motion to vacate, and failed to present any testimony or evidence to show cause in support of such a motion. There is no dispute that Defendant failed to file a timely answer, not once, but twice in the underlying case. There is a presumption the trial court did not act arbitrarily but within the bounds of reason due to Defendant's total failure to provide this court with the evidence heard on the motion, what the parties argued, or the basis for the court's ruling. Finally, in addition to failing to properly preserve the issue of punitive damages at the trial level, Defendant has presented no valid law or argument to support his assertions.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief conforms to the requirements of Rules 341(a) and (b). The length of this brief, excluding the pages or words contained in the Rule 341(d) cover, the Rule 341(h)(1) table of contents and statement of points and authorities, the Rule 341(c) certificate of compliance, the certificate of service, and those matters to be appended to the brief under Rule 342(a), is 11 pages or 3344 words.

Respectfully submitted,

**PATRICK RYAN DUNN SULLIVAN LAW, LLC**

*/s/ Patrick R.D. Sullivan*

PATRICK R. D. SULLIVAN - #6310271
107 West Main Street
Belleville, IL 62220
Telephone: (618) 744-7133
E-mail: prdsullivan@gmail.com

ATTORNEY FOR PLAINTIFF-APPELLEE

14

## **CERTIFICATE OF SERVICE**

Pursuant to Ill. S. Ct. R. 12, the undersigned hereby certifies that the foregoing document was filed on March 11, 2025, with the Clerk of the Court using the CM/ECF System, which will send electronic notification of such filing to all counsel on record.

Respectfully submitted,

**PATRICK RYAN DUNN SULLIVAN LAW, LLC**

*/s/ Patrick R.D. Sullivan*

PATRICK R. D. SULLIVAN - #6310271
107 West Main Street
Belleville, IL 62220
Telephone: (618) 744-7133
E-mail: prdsullivan@gmail.com

ATTORNEY FOR PLAINTIFF-APPELLEE

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. <u>3:23-cr-30148-NJR</u> |
| | ) | |
| JASON RUSSEL CARAWAY, | ) | |
| | ) | |
| Defendant. | ) | |

### STIPULATION OF FACTS

Now comes, The United States of America, by Rachelle Aud Crowe, United States
Attorney for the Southern District of Illinois, and through Steven D. Weinhoeft, Assistant United
States Attorney, who enters into the following Stipulation of Facts with the Defendant, and his
attorney, pertaining to the relevant conduct of the defendant within the scope of U.S.S.G. §1B1.3.
The parties hereby stipulate and agree as follows:

1.      Jason Caraway was a lawyer licensed to practice in the state of Illinois. He was a
partner in the personal injury law firm Caraway, Fisher, & Broombaugh, P.C., in Belleville, St.
Clair County, in the Southern District of Illinois. He managed the affairs of the law firm, including
its finances.

2.      The firm maintained an "Interest on Lawyer Trust Account" (IOLTA). This client
trust account ended in 6029, and it was held at Associated Bank ("trust account"). The account
was titled "Caraway, Fisher and Broombaugh, P.C. Client Trust Fund. The firm also maintained
an operating account ending in 6045, similarly held at Associated Bank ("operating account").
Transactions administered from these accounts were processed through Green Bay, Wisconsin.

3.      Caraway violated his fiduciary duties to his clients by failing to maintain a strict

separation between his office's funds and his clients' funds. He engaged in a course of conduct

where he embezzled, converted, stole, and misapplied money from his clients and his firm by

secretly using business funds for personal use through a series of misrepresentations and acts of

concealment.

4.    Caraway misappropriated funds through various means, including:

    a.  improperly transferring money from the client trust account into the firm's operating account where it was spent on various personal and business expenses;

    b.  improperly transferring money from the client trust account into the firm's operating account and issuing checks to himself;

    c.  accepting settlements without notifying clients or disbursing the client's share of the settlement proceeds;

    d.  failing to pay medical lienholders and bills from settlement proceeds and misapplying those funds for other business and personal expenses;

    e.  making false statements to conceal his misappropriations;

    f.  making lulling payments to clients out of the operating account to conceal prior misappropriations from the trust account;

    g.  misapplying retainers without authorization and proper billing; and

    h.  forging court documents to improperly obtain client funds.

5.    Caraway admits the conduct alleged in paragraphs 17-45 in the Indictment.

6.    For the purpose of embezzling and converting funds, Caraway caused to be

transmitted by means of wire in interstate commerce the writing or signals described below for

each count, each transmission constituting a separate count:

Case 3:24-cv-00256-DWD    Document 44-3    Filed 08/22/25    Page 19 of 20    Page ID
Case 3:23-cr-30148-NJR    Document 27    Filed 02/13/25    Page 3 of 4    Page ID #73
#258

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| 1. | February 15, 2022 | **CARAWAY** caused $16,000 of insurance proceeds from Ricardo Davis's death to be transferred from Caraway, Fisher, & Broombaugh, P.C.'s client trust account to the firm's operating account at Associated Bank. |
| 2. | February 18, 2022 | **CARAWAY** deposited a check in the amount of $1,250 from Caraway, Fisher, & Broombaugh, P.C.'s operating account at Associated Bank into his personal checking account at Arsenal Credit Union. |
| 3. | March 9, 2022 | **CARAWAY** caused $14,184.26 of insurance proceeds from Ricardo Davis's death to be transferred from the client trust account to the firm's operating account at Associated Bank. |
| 4. | March 8, 2022 | **CARAWAY** caused a check in the amount of $1,500 from Caraway, Fisher, & Broombaugh, P.C.'s operating account at Associated Bank to be deposited into his personal checking account at Arsenal Credit Union. |
| 5. | October 20, 2022 | **CARAWAY** caused an email to be sent at 5:32 pm. from jcaraway@lawcfb.com to tykoconstruction@yahoo.com containing a forged court order. |
| 6. | June 22, 2022 | Caraway & Broombaugh P.C. received a settlement check totaling $85,000 from Gallagher Basset Claims and Hartford Insurance for the benefit of T.H. that **CARAWAY** caused to be deposited into Caraway, Fisher, & Broombaugh, P.C.'s client trust account at Associated Bank without disbursing the client's share of the proceeds. |
| 7. | August 12, 2022 | **CARAWAY** caused a $2,500 lulling payment to be made to T.H. in the form of a check from Caraway, Fisher, & Broombaugh, P.C.'s client trust account at Associated Bank. |
| 8. | October 20, 2022 | **CARAWAY** caused a $1,500 lulling payment to be made to T.H. in the form of a check from Caraway, Fisher, & Broombaugh, P.C.'s operating account at Associated Bank. |
| 9. | September 20, 2022 | **CARAWAY** forged a court order purportedly signed by St. Clair County Associate Judge Thomas Cannady and caused $15,000 to be transferred from a special needs trust (Bank of America Account **7883, Akorne Private Label Management, LLC.) to The Akorne operational account (Bank of America Account **9295), which was then transferred to the Caraway, Fisher, & Broombaugh, P.C.'s client trust account at Associated Bank. |
| 10. | September 21, 2022 | **CARAWAY** caused $8,174.91 to be transferred from Caraway, Fisher, & Broombaugh, P.C.'s client trust account to the firm's operating account |

Case 3:24-cv-00256-DWD    Document 44-3    Filed 08/22/25    Page 20 of 20    Page ID
Case 3:23-cr-30148-NJR    Document 27    Filed 02/13/25    Page 4 of 4    Page ID #74
#254

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| | | at Associated Bank. |
| 11. | September 21, 2022 | CARAWAY wrote a check payable to himself for $1,000 from Caraway, Fisher, & Broombaugh, P.C.'s operating account and deposited the check into his personal account at Arsenal Credit Union. |

7.    The firm imploded under the weight of its financial losses, and Caraway abandoned his practice.


UNITED STATES OF AMERICA,

RACHELLE AUD CROWE
United States Attorney

Digitally signed by
STEVEN WEINHOEFT
Date: 2024.04.02
15:03:20 -05'00'

JASON RUSSEL CARAWAY                    STEVEN D. WEINHOEFT
Defendant                               Assistant United States Attorney

DANIEL FULTZ
Attorney for Defendant

Date: 2/13/25                           Date: _____